# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL DOCKET NO.: 5:13-CV-34

| | |
|---|---|
| JASON WESLEY HOYLE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THEODORE McENTIRE, Judge in his ) <br> official capacity; WILLIAM A. LEAVELL, ) <br> III, Judge in his official capacity; ROBERT ) <br> ALEXANDER BANNE LYRELY, Judge ) <br> in his official capacity; ROBERT G. HORNE, ) <br> Judge in his official capacity, GERALD W. ) <br> WILSON, District Attorney in his official ) <br> capacity; MEREDITH R. ROBERTS, ) <br> Assistant District Attorney in her official ) <br> Capacity; KELSEY GRAFF, attorney ) <br> For Legal Aid of North Carolina, Inc.; ) <br> DENISE LOCKETT, Managing Attorney of ) <br> Boone Office of Legal Aid of North ) <br> Carolina, Inc.; CELIA PISTOLIS, Assistant ) <br> Director of Advocacy and Compliance for ) <br> Legal Aid of North Carolina, Inc.; LEGAL AID ) <br> OF NORTH CAROLINA, INC.; DANA ) <br> CRAWFORD, Town of Boone Police Chief; ) <br> WANDA SMITH, Communications/Records ) <br> Supervisor, Town of Boone, in her official ) <br> capacity ) <br> ) <br> Defendants. ) <br> ) | ORDER |

**THIS MATTER** is before the Court upon Motions to Dismiss by Defendants Denise Lockett (Doc. 14), Kelsey Graff, Celia Pistolis, and Legal Aid of North Carolina, Inc. ("LANC") (Doc. 6), Dana Crawford and Wanda Smith (Doc. 2), and Judges Theodore McEntire, William A. Leavell, III, Robert Alexander Banne Lyrely, Robert G. Horne, and District Attorney Gerald W. Wilson, and Assistant District Attorney Meredith R. Roberts. (Doc. 10.)

## I. BACKGROUND

Pro Se Plaintiff Jason Wesley Hoyle filed his Complaint against Defendants on February 22, 2012. (Doc. 1). Jason Hoyle's ("Hoyle") claims are made under 42 U.S.C. § 1983 and arise out of and are connected to proceedings leading to an ex parte protective order being entered against him on February 9, 2010. (Doc. 1 at 1.) The opposing party in the state action was Evelyn R. Newberry (Newberry"). (Doc. 1 at 18.)

## II. STANDARD OF REVIEW

All Defendants have moved to dismiss Hoyle's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N. Carolina v. Martin*, 980 F. 2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007)). The facial plausibility standard requires "the plaintiff to articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." *Francis v. Giacomelli*, 588 F. 3d 186, 193 (4th Cir. 2009)(quoting *Twombly*, 550 U.S. at 570.) "To emphasize the Federal Rules' requirements for stating claims that are warranted and therefore form a plausible basis for relief, the Supreme Court has held that a complaint must contain 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Id.*

Where the Plaintiff is proceeding *pro se,* as Hoyle is here, courts will construe the pleadings liberally in order to allow for the development of a potentially meritorious claim. *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (citing *Gordon v. Leeke,* 574 F. 2d 1147, 1151 (4th Cir.1978)). However, this principle is not without limits, and the proper role of the district court is that of a legitimate advisor, and not as an advocate for the plaintiff. *Beaudett v. City of Hampton*, 775 F. 2d 1274, 1278 (4th Cir. 1985)(citing *Gordon,* 574 F. 2d at 1151).

## III.   ANALYSIS

### a.  CLAIMS AGAINST LANC, LOCKETT, GRAFF, and PISTOLIS

Hoyle's claims under Section 1983 against LANC, and Denise Lockett ("Lockett"), Kelsey Graff ("Graff"), and Celia Pistolis ("Pistolis"), as employees of LANC will be dismissed.

A claim under Section 1983 requires the plaintiff to show that he has been deprived of a right secured by the Constitution, by a person who was acting under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49, 119 S. Ct. 977, 985 (1999). The requirement that a defendant act under color of state law is equivalent to the Fourteenth Amendment's state-action requirement. *United States v. Price*, 383 U.S. 787, 794 n. 7 (1996); *Watts-Means v. Prince George's Family Crisis Ctr.*, 7 F.3d 40, 43 n. 5 (4th Cir. 1993).

**Under Color of State Law Requirement**

Acts by private entities, like LANC and its employees, are considered state action only if there is a "such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may fairly be treated as that of the State itself.'" *Brentwood Acad. V. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2000) (citation omitted). This is possible in four instances: 1) where the action is coerced by the state; 2) when the state delegates to the private actor a responsibility that it has a Constitutional duty to perform; 3) when the state

delegates to the private actor a traditionally and exclusively public function; or 4) when the state assists a private actor in enforcing the private actor's rights. *Watts-Means v. Prince George's Family Crisis Ctr.*, 7 F.3d 40, 43 (4th Cir. 1993).

Hoyle alleges that LANC acted under color of state law because LANC is a legal services program that receives state funding. In *Barbero v. Catawba Valley Legal Services*¸ the Court held that "the fact that federal and state funds are provided to [Catawba Legal Services, Inc.] is not sufficient" to show state action. *Barbero v. Catawba Valley Legal Servs., Inc.*, CIV. 4:94CV115, 1995 WL 757738 (W.D.N.C. Sept. 21, 1995). This holding is consistent with those of the Second Circuit in a suit against LANC's sister organization, Legal Aid of New York. *Graseck v. Mauceri*, 582 F.2d 203, 209-12 (2nd Cir. 1978); *see also Lefcourt v. Legal Aid Society*, 445 F.2d 1150, 1155-56 (2nd Cir. 1971) (similar holding in suit against Legal Aid Society of New York). Hoyle has presented no other facts in support of a finding that LANC acted under color of state law. Therefore, this Court finds that LANC has not acted under color of state law as required for Hoyle's Section 1983 claims to go forward.

Likewise, as to Lockett, Graff, and Pistolis, whether an individual attorney's representation of a client is state action "is a question that other circuit courts, with complete unanimity, have answered by declaring unequivocally that there is a lack of state action in such a situation, and, consequently, no liability under 1983." *Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

Therefore, Hoyle's claims against LANC, Lockett, Graff, and Pistolis will be dismissed for failure to state a claim upon which relief may be granted.

**Deprivation of a Constitutional Right Requirement**

Hoyle's claims are also subject to dismissal because he has failed to show that he was deprived of a right secured by the Constitution.

Hoyle argues that because LANC, Lockett, Graff, and Pistolis represented Newberry, a Virginia resident, he was deprived of due process. (Doc. 1 at 17.) Hoyle has not shown how representation of Newberry inhibited his ability to present his own case or somehow interfered with the judicial process in a way that violates the Constitution. Hoyle's claim is based on the argument that he has a constitutionally protected interest in prohibiting LANC from providing legal services to individuals alleged to be out of state residents.

Hoyle's argument lacks any legal foundation and Hoyle's claims against LANC, Lockett, Graff, and Pistolis will be dismissed for failure to state a claim upon which relief may be granted.

### b. CLAIMS AGAINST CRAWFORD and SMITH

Hoyle's claims under Section 1983 against Dana Crawford ("Crawford") and Wanda Smith ("Smith") will be dismissed.

Hoyle argues that Crawford and Smith, as employees of the police department of Boone, North Carolina, deprived him of rights protected by the Constitution by allegedly failing to comply with a subpoena for records. Specifically, pursuant to the official policy of the Town of Boone Police Department, Smith refused to release identifying information of the caller in a police report provided to Hoyle. (Doc. 1 at 28-29.) Instead, Hoyle was given a redacted version and Smith refused to provide a non-redacted version when requested by Hoyle.

Hoyle claims that redacted records provided to him "denied [him] Due Process by failing to comply with the law governing production of official records under subpoena" (doc. 1 at 28), and the policy of redacting identifying information was applied "to subvert state law." (*Id*. at 30.)

Hoyle does not identify any statute, ordinance, law, or other regulation that was violated by this policy. Further, Hoyle does not allege that this policy was improperly applied to his request and not applied to others similarly situated. Instead, Hoyle plainly states "an unadorned, the-defendant-unlawfully-harmed-me accusation" with no further explanation as to how Crawford and Smith deprived him of a right secured by the Constitution, as required for a permissible claim under § 1983. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009).

Therefore, Hoyle's claim against Crawford and Smith will be dismissed for failure to state a claim upon which relief may be granted.

    **c. CLAIMS AGAINST JUDGES and DISTRICT ATTORNEYS**

Hoyle's claims under Section 1983 against Judges Theodore McEntire, William A. Leavell, III, Robert Alexander Banne Lyrely, and Robert G. Horne and District Attorney Gerald Wilson and Assistant District Attorney Meredith R. Roberts (all collectively referred to as "government Defendants") will be dismissed.

Hoyle's Complaint arises from the entry of a domestic violence protective order against him in the District Court Division of the General Court of Justice for Watauga County, North Carolina, the denial of Hoyle's request for a domestic violence protective order, and a criminal prosecution arising out of the domestic violence protective order. Hoyle alleges violations of his right to due process by state court judges who presided over the district court proceedings and the prosecutors who brought the criminal action. Government Defendants have been sued in their official capacities only. Hoyle requests relief in the form of a declaration by this Court that the domestic violence protective order is "void ab initio," a permanent injunction against enforcement of the order, and monetary damages for fees and legal expenses incurred as a result of the state-court proceedings. (Doc. 1 at 41-42.)

The jurisdiction of federal district courts is "strictly original," which means that appellate review of final state-court judgments is impermissible. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, (2005)(citing *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416, (1923) (holding that the United States Supreme Court, and not federal district courts, is the only court with jurisdiction to review and modify or reverse final judgments entered in state court.)) This basic tenet of jurisdiction is referred to as the *Rooker-Feldman* doctrine. In *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, the Supreme Court held that the *Rooker-Feldman* doctrine is applicable to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* The *Rooker-Feldman* doctrine also "bars lower federal courts from considering . . . issues that are 'inextricably intertwined' with the issues that were before the state court." *Washington v. Wilmore*, 407 F.3d 274, 279 (4th Cir. 2005)(citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) and *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997)). This bars federal courts from considering claims that were not actually decided by the state court but where "success on the federal claim depends upon determination that the state court wrongly decided the issues before it." *Id.* (Quotations and citations omitted).

This Court does not have jurisdiction over Hoyle's claims against the government Defendants because his claims fall squarely within the *Rooker-Feldman* doctrine. The claims and relief requested are dependent upon this Court finding that the protective order entered against Hoyle was unlawful and reversing this judgment.

Dismissal of Hoyle's claims against government Defendants is proper for additional reasons. Hoyle's claims are brought under § 1983 and against government Defendants in their official capacities. A claim against state officials in their official capacities is actually a claim

against the state officials' office or branch of government. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Section 1983 requires that claims be brought against "persons," and the Supreme Court has held that state officials acting in their official capacities do not qualify as "persons" for the purposes of § 1983 jurisdiction. *Id.*

Therefore, Hoyle's claims against government Defendants will be dismissed for failure to state a claim upon which relief may be granted.

## IV.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that Defendant Denise Lockett's Motion to Dismiss is **GRANTED;** Defendants Kelsey Graff, Celia Pistolis, and Legal Aid of North Carolina, Inc.'s Motion to Dismiss is **GRANTED**; Defendants Dana Crawford and Wanda Smith's Motion to Dismiss is **GRANTED;** and Defendants Judge Theodore McEntire, Judge William A. Leavell, III, Judge Robert Alexander Banne Lyrely, Judge Robert G. Horne, District Attorney Gerald W. Wilson, and Assistant District Attorney Meredith R. Roberts' Motion to Dismiss is **GRANTED**. Given that all motions have been granted, there no longer any remaining Defendants.

Signed: November 17, 2014

Richard L. Voorhees
United States District Judge